IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LARRY PREWITT, JR.,

    Petitioner,

                                                                No. 13-2991-STA-cgc

vs.

BILL OLDHAM,

    Respondent.

_____

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**
_____

        Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Petition") filed by Petitioner Larry Prewitt, Jr., booking number 13119872, who was at the time of this submission, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee. (ECF No. 1) For the reasons stated below, the Court DENIES the § 2241 Petition.

I.      BACKGROUND

        A.      State Court Procedural History

        Petitioner Prewitt was arrested on December 17, 2011. On August 8, 2012, Prewitt was indicted for attempted second degree murder, two counts of aggravated assault, employing a firearm with intent to commit a felony, and two counts of possession of a firearm by a convicted felon. *See* http://jssi.shelbycountytn.gov (Indictment No. 1204110). Plaintiff posted a $150,000 bond on July 4, 2012. He was arrested on May 28, 2013, for domestic assault resulting in bodily

harm. That arrest resulted in the revocation of his bond for Indictment No. 1204110. The domestic violence charge was subsequently resolved by *nolle prosequi* on July 18, 2013. *See id.* (Booking No. 13119854). Indictment No. 1204110 was resolved by *nolle prosequi* on February 12, 2014. Prewitt is currently being prosecuted in federal court for violating 18 U.S.C. § 922(g). *See United States v. Larry Prewitt, Jr.*, No. 13-20372-JTF.

    B.    Procedural History of Prewitt's § 2241 Petition

On December 17, 2013, while incarcerated at the Shelby County Jail, Prewitt filed the instant petition under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner admits that he was "not challenging a conviction or sentence" (ECF No. 1 at 5), but is challenging the Shelby County Criminal Court's revocation of his bond. (Id. at 2.)

II.    ANALYSIS OF PETITIONER'S CLAIMS

Prewitt seeks relief under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" Prewitt is not entitled to relief under 28 U.S.C. § 2241. Except in extraordinary circumstances not present here, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See, e. g.*, *Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). In this case, the petition fails to demonstrate that Petitioner could not challenge the state court ruling in the state-court proceeding. Moreover, the petition failed to allege that there are extraordinary circumstances warranting federal intervention. *Stimpson v. Stanton*, No. 87-6180, 1988 WL 57480 (6th Cir. June 7, 1988).

Even actual innocence of the crime charged is insufficient to warrant a federal injunction against a state criminal prosecution. Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. at 45 (internal quotation marks & citation omitted). The Supreme Court emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46, 91 S. Ct. at 751.

"Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (citation omitted). All factors are satisfied in this case. When the petition was filed, the prosecution was ongoing, the State has an interest in enforcing its criminal laws, and Petitioner had an adequate opportunity to raise his challenge in the state court proceedings.

Because it appears from the application that Petitioner is not entitled to a writ of habeas corpus, the Court will not issue an order for Respondent to show cause why the writ should not be granted. The § 2241 Petition is DENIED. Judgment shall be entered for Respondent.

III. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner's claims are meritless for the reasons previously stated. Because any appeal by Petitioner on the issue raised in his Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[1]

Entered this 26th day of September 2014.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, she must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).